**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CURLEY'S EXPRESS, INC. d/b/a**
**JMC FOOD EQUIPMENT**,

Plaintiff/Counter-Defendant,

v. Case No. 8:25-CV-412-WFJ-AAS

**ADEERA IKRAFT, INC.**,
**CHRISTOPHER BAUMANN**,
and **SUSHANT GAUR**,

Defendants/Counter-Claimant.
_________________________________/

# ORDER

Pursuant to Fed. R. Civ. P. 56(f)(3), the Court considers the matter of damages regarding its prior Order granting summary judgment as to certain Counterclaims. Dkt. 62; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence."). The Court granted Counter-Claimant Adeera iKraft, Inc. ("Adeera iKraft") leave to file sworn proofs of final damages, Dkt. 62, which it did. Dkt. 63. The Court permitted a reasonable time for Counter-Defendant Curley's Express, Inc. d/b/a JMC Food Equipment ("JMC") to file sworn objections, and declared that failure to file the same would be "deemed a waiver as to damages."

Dkt. 62. JMC failed to file timely objections. Accordingly, the Court considers the matter of damages as follows.

On July 27, 2026, the Court granted summary judgment in favor of Adeera iKraft and against JMC as to the Counterclaims: breach of contract (Counterclaim I); fraudulent inducement (Counterclaim III); and fraud (Counterclaim IV). *Id.* On August 10, 2026, Sushant Gaur—President of Adeera iKraft—filed an affidavit and accompanying exhibits establishing damages as to these Counterclaims. Dkt. 63.

Adeera iKraft claims damages consisting of:

> 1. $470,853.65[1] for the Products delivered to JMC but never paid for[.]
> 2. $488,372.12 in unanticipated third-party storage costs directly caused by JMC's conduct.
> 3. $731,278.30 in the Stored Products [separated into $659,163.93 of those products] that were . . . never sold and remain in storage . . . [and $72,114.37 of those products] that were sold at a steep discount . . . .
> 4. $453,292.43 in manufacturing costs for the Unshipped Products that could not be shipped due to Adeera's inability to remit payment in full for the Demand.

Dkt. 63 ¶ 29.

As to the claim of breach of contract (Counterclaim I), Florida's Universal Commercial Code (the "Florida UCC") governs the matter of damages, *Fla. Mining & Materials Corp. v. Standard Gypsum Corp.*, 550 So. 2d 47, 48 (Fla. 2d DCA 1989), as the relevant agreement is a contract for paper bags (the "products"), which

---

[1] The Court notes that while the affidavit represents $470,838.34, Dkt. 63 ¶ 13, the unpaid amounts in the invoices provided by Adeera iKraft total $470,853.65. Dkt. 63-2.

are considered goods under the Florida UCC. Fla. Stat. §§ 672.102, 672.105 (providing that the Florida UCC applies to transactions in goods and defining "goods" to include movable things).

Here, Adeera iKraft identifies $470,853.65 in damages as the result of unpaid invoices on fulfilled purchase orders. Dkt. 63 ¶¶ 5–13. JMC initially submitted fourteen purchase orders for the products, which required payment within thirty days of delivery. *Id.* ¶¶ 7, 8, 12. Adeera iKraft eventually fulfilled eleven of the fourteen initial product orders, delivering the products to JMC. *Id.* ¶ 11–12. Under the Florida UCC, "[w]hen the buyer fails to pay the price as it becomes due the seller may recover . . . the price . . . [o]f goods accepted[.]" Fla. Stat. § 672.709(1)(a). The Court finds that Adeera iKraft is entitled to the $470,853.65 in damages representing the unpaid invoices. *See Validsa, Inc. v. PDVSA Services Inc.*, No. 08-21682-CV, 2010 WL 411019, at *4 (S.D. Fla. Jan. 29, 2010), *rev'd on other grounds*, 424 F. App'x 862 (11th Cir. 2011) (finding that, where a buyer failed to pay for certain goods that had been delivered and accepted under a series of contracts, the seller was entitled under section 672.709(1)(a) to recover the full unpaid purchase price).

Adeera iKraft then describes $488,372.12[2] in unanticipated third-party storage costs. Dkt. 63 ¶¶ 14–22. After Adeera iKraft's fulfillment of the initial eleven

[2] Adeera iKraft noted that "[w]hile the invoices detailed in Composite Exhibit D indicate $529,633.73, some costs appear that are unrelated to the present dispute. Adeera is only claiming the $488,372.12 listed herein." Dkt. 63 at 4 n.2.

purchase orders, JMC placed additional purchase orders, which were then shipped to JMC warehouses. *Id.* ¶¶ 14–15. Due to lack of payment, Adeera iKraft was forced to divert these shipments to third-party storage facilities. *Id.* ¶ 16. Adeera iKraft avers that such storage would not have been necessary had JMC fulfilled its obligations under the [purchase orders.]" *Id.* ¶¶ 20–21. Under the Florida UCC, "[w]hen the buyer fails to pay the price as it becomes due the seller may recover" incidental damages, including "any commercially reasonable charges, expenses or commissions incurred in . . . [the] care and custody of goods after the buyer's breach[.]" Fla. Stat. §§ 672.709(1)(a), 672.710. The Court finds that Adeera iKraft is entitled to the $488,372.12 in damages representing the third-party storage costs. *See Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik v. Dis Ticaret Ltd. Sirketi*, No. 09-80720-CIV, 2011 WL 13173572, at *4 (S.D. Fla. July 26, 2011) (holding that "based upon the wording of section 672.710, [storage] expenses clearly fall under incidental expenses").

Adeera iKraft next identifies $731,278.30 in damages, consisting of $72,114.37 in losses stemming from Adeera iKraft's resale of certain stored products and $659,163.93 worth of products still in third-party storage, which remain unsold. Dkt. 63 ¶¶ 23–25. As to the $72,114.37 in losses, Adeera iKraft explains this loss is due the sale of these products at a discount in order to remedy Adeera iKraft's "significant financial distress." *Id.* ¶ 25. Under the Florida UCC, "the seller may

resell the goods concerned . . . [and] [w]here the resale is made in good faith and in a commercially reasonable manner[,] the seller may recover the difference between the resale price and the contract price[.]" Fla. Stat. § 672.706(1). The Court finds that Adeera iKraft is entitled to the $72,114.37 in damages representing the losses stemming from discounted sale of the stored products. *See id.*

As to the $659,163.93 worth of products that remain in third-party storage, Adeera iKraft asserts that it "has made numerous attempts to mitigate its damages, including re-routing the Stored Products to separate warehouses and attempting to sell the Stored Products, albeit at a steep discount." Dkt. 63 ¶ 33. However, these products remain unsold. *Id.* at 5 n.3. The Florida UCC allows for the recovery of the price "[o]f goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing[.]" Fla. Stat. § 672.709(1)(b). The Court finds that Adeera iKraft is entitled to the $659,163.93 in damages representing the value of the unsold products that remain in third-party storage. *See Royal Jones & Assocs., Inc. v. First Thermal Sys., Inc.*, 566 So. 2d 853, 855–56 (Fla. 1st DCA 1990) (upholding a decision awarding a prevailing party the full contract price under section 672.709(1)(b) for undelivered products that were not able to be sold).

Adeera iKraft lastly identifies $453,292.43 in costs still owed to the manufacturer. Dkt. 63 ¶¶ 26. Pursuant to JMC's additional purchase orders, Adeera

iKraft submitted production requests to the manufacturer; however, the products were produced but never shipped because JMC's failure to remit payment prevented Adeera iKraft from paying the manufacturer. *Id.* ¶¶ 26–27. Under the Florida UCC, "[w]hen the buyer fails to pay the price as it becomes due the seller may recover" incidental damages, including those "otherwise resulting from the breach." Fla. Stat. §§ 672.709(1)(a), 672.710. The Court finds that Adeera iKraft is entitled to the $453,292.43 in damages representing the costs still owed to the manufacturer. *See Validsa, Inc.*, 2010 WL 411019, at *8–9, *rev'd on other grounds*, 424 F. App'x 862 (11th Cir. 2011) (holding that costs incurred by the seller to avoid liability to its supplier following the buyer's breach were recoverable under section 672.710).

**CONCLUSION**

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Pursuant to Fed. R. Civ. P. 56(f)(3), the Court grants summary judgment regarding damages, and determines that Counter-Claimant Adeera iKraft, Inc. is entitled to $2,143,796.50 in damages as to breach of contract (Counterclaim I).
2. In light of the present Order and the Court's prior Order granting summary judgment, Dkt. 65, the Clerk is directed as follows:
    a. The Clerk is directed to enter final judgment in favor of Counter-Claimant Adeera iKraft, Inc. and against Counter-Defendant Curley's Express, Inc. d/b/a JMC Food Equipment as to the Counterclaims of: breach of contract

(Counterclaim I); fraudulent inducement (Counterclaim III); and fraud (Counterclaim IV).

b. As to breach of contract (Counterclaim I), the Clerk is directed to enter final judgment in favor of Counter-Claimant Adeera iKraft, Inc. and against Counter-Defendant Curley's Express, Inc. d/b/a JMC Food Equipment in the amount of $2,143,796.50, together to bear post-judgment interest, as provided by law. For which let execution issue.

3. The Court directs Counter-Claimant Adeera iKraft, Inc. to advise the Court whether it intends to pursue its remaining Counterclaims, otherwise the Court will close this action seven (7) days from the date of this Order.

**DONE AND ORDERED** at Tampa, Florida, on August 27, 2026.

*<u>/s/ William F. Jung</u>*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>COPIES FURNISHED TO:</u>**
Counsel of Record